IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLORENCE MUSSAT, M.D., S.C., on behalf of plaintiff and the class members defined herein, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THE SCHWARTZ GROUP, INC.; PACIRA PHARMACEUTICALS, INC.; PUROHIT NAVIGATION, INC., doing business as CPE COMMUNICATIONS; and JOHN DOES 1-10, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.      Plaintiff Florence Mussat, M.D., S.C., brings this action to secure redress for the actions of defendants The Schwartz Group, Inc., Pacira Pharmaceuticals, Inc., and Purohit Navigation, Inc., doing business as CPE Communications, in sending or causing the sending of unlawful advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

### PARTIES

2.      Plaintiff Florence Mussat, M.D., S.C., is an Illinois corporation with offices at 680 N. Lake Shore Drive, Suite 930, Chicago, Illinois 60611, where it maintains telephone facsimile equipment.

3.      Defendant The Schwartz Group, Inc., is a New York corporation that has offices at 200 John James Audubon Parkway, Suite 105, Amherst, New York 14228.

4.      Defendant The Schwartz Group, Inc., is a telemarketing firm that is exclusively

concerned with the healthcare industries. Its states on its web site (www.theschwartzgroup.com) that "The Schwartz Group is 100% exclusive to the healthcare industry. All of the work we do targets Hospitals, Physician Practices, Pharmacies, Medical Laboratories, Dental or Veterinary Practices. . . . Founded in 2002, The Schwartz Group has successfully executed 1000's of healthcare marketing support campaigns designed to increase attendance at medical meetings or grow market share through innovative sales and marketing support tele-campaigns."

     5.     The same web site states that among the services provided by The Schwartz Group, Inc., is "Audience Generation Services for Medical Meetings." This service is further described as follows:

> The Schwartz Group has worked with over 100 leading medical communications and continuing medical education companies. Program sponsors have included many of the world's leading pharmaceutical and healthcare organizations.
>
> We have successfully generated audiences for 1,000's of both promotional and CME accredited meetings targeting all specialties including the following meeting types:
>
> o     Live (Dinner/Lunch/Breakfast/Symposia/Teleconferences)
>
> o     Webinar (Live/Enduring/On-Demand)
>
> o     Satellite Broadcasts
>
> o     Simulcasts
>
> o     Advisory Boards
>
> *Our experienced Campaign Managers will construct a customized WAVE of communications that outlines the schedule, frequency and variety of communication vehicles (mailings/calls/faxes/emails) based on similar successful recruitment efforts.*
>
> All Schwartz Group agents are trained in Department of OIG Guidelines and PhRMA Guidelines. *Any scripts or written materials used in our recruitment campaigns must be approved by our clients' regulatory staff prior to launch.*
>
> Our "culture of productivity" focuses our recruitment efforts on "FITS" (Fannies In The Seats) and positions our meeting partners in establishing a track record of success as defined by the quantity and quality of attendees, often resulting in additional business from program sponsors.
>
> "Our approach focuses on securing registrations and maximizing show rates. We call it FITS (Fannies In The Seats)" (Emphasis added)

     6.     Defendant Pacira Pharmaceuticals, Inc., is a New Jersey corporation that has

offices at Five Sylvan Way, Parsippany, New Jersey 07054. It is a manufacturer of pharmaceutical products, including Exparel.

7. Defendant Purohit Navigation, Inc., doing business as CPE Communications, is a New Jersey corporation that has offices at Four Gatehall Drive, Suite 2, Parsippany, New Jersey 07054, and 111 S. Wacker, Suite 4700, Chicago, Illinois 60606. It states on a web site (www.purohitnavigation.com) that "Purohit Navigation was honored as one of the Top 100 Advertising Agencies for 2012 in the July issue of Medical Marketing & Media." Among other things, it arranges seminars for physicians that are paid for by pharmaceutical manufacturers and promote their products.

8. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

10. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Illinois.

11. Venue in this District is proper for the same reason.

## FACTS

12. On November 27, 2012, plaintiff Florence Mussat, M.D., S.C., received the fax advertisement attached as Exhibit A on its facsimile machine.

13. Discovery may reveal the transmission of additional faxes as well.

14. Defendants Pacira Pharmaceuticals, Inc., Purohit Navigation, Inc., doing

business as CPE Communications, and The Schwartz Group, Inc., are responsible for sending or causing the sending of the faxes.

15. Defendant The Schwartz Group, Inc., sent the fax. Its number appears in the fax header. On information and belief, the faxing was part of the *"customized WAVE of communications that outlines the schedule, frequency and variety of communication vehicles (mailings/calls/faxes/emails) based on similar successful recruitment efforts"*.

16. The fax and seminars promote a product, Exparel, marketed and sold by Pacira Pharmaceuticals, Inc.

17. On information and belief, Purohit Navigation, Inc., arranged and conducted the seminars announced in the fax.

18. Some of the contact information in the fax is for Purohit Navigation, Inc.

19. The subject of the seminars is use of the Exparel product sold by Pacira.

20. Defendants The Schwartz Group, Inc., Pacira Pharmaceuticals, Inc., and Purohit Navigation, Inc., doing business as CPE Communications, each derived economic benefit from the sending of the faxes, the generation of attendance at the seminars, and the sale of the Exparel product promoted by the faxes and the seminars.

21. Defendants The Schwartz Group, Inc., Pacira Pharmaceuticals, Inc., and Purohit Navigation, Inc., doing business as CPE Communications either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

22. The faxes do not contain an "opt out" notice that complies with 47 U.S.C. §227.

23. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

24. The TCPA provides for affirmative defenses of consent or an established business relationship. Both defenses are conditioned on the provision of an opt out notice that complies with the TCPA. *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Nack v. Walburg*, 715 F.3d

680 (8th Cir. 2013).

25. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

26. On information and belief, defendants have transmitted similar fax advertisements to at least 40 other persons in Illinois.

27. There is no reasonable means for plaintiff or other recipients of defendants' advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

28. Plaintiff incorporates ¶¶ 1-27.

29. The TCPA, 47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

30. Plaintiff and each class member suffered damages as a result of receipt of the faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

31. Plaintiff and each class member is entitled to statutory damages.

32. Defendants violated the TCPA even if their actions were only negligent.

33. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

34. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of any of the defendants The Schwartz Group, Inc., Pacira Pharmaceuticals, Inc., and Purohit Navigation, Inc., doing business as CPE Communications, promoting goods or services (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

35. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

36. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unlawful fax advertisements;

    b. Whether defendants thereby violated the TCPA;

    c. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    d. Whether defendants thereby converted the property of plaintiff.

    e. Whether defendants thereby created a private nuisance.

    f. Whether defendants thereby committed a trespass to chattels.

37. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Plaintiff has already been found by one court to be an adequate class representative in another TCPA unsolicited faxed advertisement case by "participating actively" in the case. *Florence Mussat, M.D., S.C. v. Global Healthcare Resources, LLC*, 11-cv-7035, 2013 U.S. Dist.

LEXIS 35107 * 13 (N.D. Ill. Mar. 13, 2013). Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

38. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

39. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

40. Several courts have certified class actions under the TCPA. *Holtzman v. Turza*, 08 C 2014, 2009 WL 3334909, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 WL 744262, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010). *Florence Mussat, M.D., S.C. v. Global Healthcare*

*Resources, LLC*, 11-cv-7035, 2013 U.S. Dist. LEXIS 35107 (N.D. Ill. Mar. 13, 2013).

41. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a. Actual damages;

b. Statutory damages;

c. An injunction against the further transmission of unlawful fax advertising;

d. Costs of suit;

e. Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

42. Plaintiff incorporates ¶¶ 1-27.

43. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending fax advertising to plaintiff and others.

44. Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

45. Plaintiff and each class member suffered damages as a result of receipt of the unlawful faxes, in the form of paper and ink or toner consumed as a result.

46. Defendants engaged in such conduct in the course of trade and commerce.

47. Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday,

July 18, 1989, 101st Cong. 1st Sess.

48. Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

49. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

50. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, (c) were sent faxes by or on behalf of any of the defendants The Schwartz Group, Inc., Pacira Pharmaceuticals, Inc., and Purohit Navigation, Inc., doing business as CPE Communications, promoting goods or services (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

51. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

52. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unlawful fax advertisements;

    b. Whether defendants thereby violated the TCPA;

    c. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    d. Whether defendants thereby converted the property of plaintiff.

    e. Whether defendants thereby created a private nuisance.

    f. Whether defendants thereby committed a trespass to chattels.

53. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has

retained counsel experienced in handling class actions and claims involving unlawful business practices. Plaintiff has already been found by one court to be an adequate class representative in another TCPA unsolicited faxed advertisement case by "participating actively" in the case. *Florence Mussat, M.D., S.C. v. Global Healthcare Resources, LLC*, 11-cv-7035, 2013 U.S. Dist. LEXIS 35107 * 13 (N.D. Ill. Mar. 13, 2013). Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

54. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

55. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

56. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Appropriate damages;

    b. An injunction against the further transmission of unlawful fax advertising;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

57. Plaintiff incorporates ¶¶ 1-27.

58. By sending plaintiff and the class members unlawful faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

59. Immediately prior to the sending of the unlawful faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and

ink or toner used to print the faxes.

60. By sending the unlawful faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

61. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

62. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unlawful faxes.

63. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

64. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, (c) were sent faxes by or on behalf of any of the defendants The Schwartz Group, Inc., Pacira Pharmaceuticals, Inc., and Purohit Navigation, Inc., doing business as CPE Communications, promoting goods or services (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

65. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

66. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unlawful fax advertisements;

    b. Whether defendants thereby violated the TCPA;

    c. Whether defendants thereby engaged in unfair acts and practices, in

        violation of the ICFA.

    d.    Whether defendants thereby converted the property of plaintiff.

    e.    Whether defendants thereby created a private nuisance.

    f.    Whether defendants thereby committed a trespass to chattels.

67.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Plaintiff has already been found by one court to be an adequate class representative in another TCPA unsolicited faxed advertisement case by "participating actively" in the case. *Florence Mussat, M.D., S.C. v. Global Healthcare Resources, LLC*, 11-cv-7035, 2013 U.S. Dist. LEXIS 35107 * 13 (N.D. Ill. Mar. 13, 2013). Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

68.    Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

69.    A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

70.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

    WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.    Appropriate damages;

    b.    An injunction against the further transmission of unlawful fax advertising;

    c.    Costs of suit;

    d.    Such other or further relief as the Court deems just and proper.

## COUNT IV – PRIVATE NUISANCE

71. Plaintiff incorporates ¶¶ 1-27.

72. Defendants' sending plaintiff and the class members unlawful faxes was an unreasonable invasion of the property of plaintiff and the class members and constitutes a private nuisance.

73. Congress determined, in enacting the TCPA, that the prohibited conduct was a "nuisance." *Universal Underwriters Ins. Co. v. Lou Fusz Automotive Network, Inc.*, 401 F.3d 876, 882 (8th Cir. 2005).

74. Defendants acted either intentionally or negligently in creating the nuisance.

75. Plaintiff and each class member suffered damages as a result of receipt of the unlawful faxes.

76. Defendants should be enjoined from continuing its nuisance.

## CLASS ALLEGATIONS

77. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers, (b) who, on or after a date five years prior to the filing of this action, (c) were sent faxes by or on behalf of any of the defendants The Schwartz Group, Inc., Pacira Pharmaceuticals, Inc., and Purohit Navigation, Inc., doing business as CPE Communications, promoting goods or services (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

78. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

79. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unlawful fax advertisements;

      b.      Whether defendants thereby violated the TCPA;

      c.      Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

      d.      Whether defendants thereby converted the property of plaintiff.

      e.      Whether defendants thereby created a private nuisance.

      f.      Whether defendants thereby committed a trespass to chattels.

80.      Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Plaintiff has already been found by one court to be an adequate class representative in another TCPA unsolicited faxed advertisement case by "participating actively" in the case. *Florence Mussat, M.D., S.C. v. Global Healthcare Resources, LLC*, 11-cv-7035, 2013 U.S. Dist. LEXIS 35107 * 13 (N.D. Ill. Mar. 13, 2013). Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

81.      Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

82.      A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

83.      Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a.      Appropriate damages;

      b.      An injunction against the further transmission of unlawful fax advertising;

      c.      Costs of suit;

    d.  Such other or further relief as the Court deems just and proper.

## COUNT V – TRESPASS TO CHATTELS

84. Plaintiff incorporates ¶¶ 1-27.

85. Plaintiff and the class members were entitled to possession of the equipment they used to receive faxes.

86. Defendants' sending plaintiff and the class members unlawful faxes interfered with their use of the receiving equipment and constitutes a trespass to such equipment. *Chair King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying a motion to dismiss with respect to plaintiff's trespass to chattels claim for unlawful faxes), vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

87. Defendants acted either intentionally or negligently in engaging in such conduct.

88. Plaintiff and each class member suffered damages as a result of receipt of the unlawful faxes.

89. Defendants should be enjoined from continuing trespasses.

## CLASS ALLEGATIONS

90. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, (c) were sent faxes by or on behalf of any of the defendants The Schwartz Group, Inc., Pacira Pharmaceuticals, Inc., and Purohit Navigation, Inc., doing business as CPE Communications, promoting goods or services (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

91. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

92. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

  a.  Whether defendants engaged in a pattern of sending unlawful fax advertisements;

  b.  Whether defendants thereby violated the TCPA;

  c.  Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

  d.  Whether defendants thereby converted the property of plaintiff.

  e.  Whether defendants thereby created a private nuisance.

  f.  Whether defendants thereby committed a trespass to chattels.

93. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Plaintiff has already been found by one court to be an adequate class representative in another TCPA unsolicited faxed advertisement case by "participating actively" in the case. *Florence Mussat, M.D., S.C. v. Global Healthcare Resources, LLC*, 11-cv-7035, 2013 U.S. Dist. LEXIS 35107 * 13 (N.D. Ill. Mar. 13, 2013). Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

94. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

95. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

96. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

  WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

  a.  Appropriate damages;

      b.      An injunction against the further transmission of unlawful fax advertising;

      c.      Costs of suit;

      d.      Such other or further relief as the Court deems just and proper.


          <u>/s/ Daniel A. Edelman</u>
          Daniel A. Edelman


Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)


Curtis C. Warner
WARNER LAW FIRM, LLC
1400 E. Touhy, Ste. 425
Des Plaines, Illinois 60018
(847) 701-5290
(312) 638-9139 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/ Daniel A. Edelman
Daniel A. Edelman